SILAS H. BALDWIN, Appellant, *vs.* WILLIAM E. ALLISON, Respondent.

APPEAL FROM A JUDGMENT OF THE DISTRICT COURT OF DAKOTA COUNTY.

Where a jury trial is waived and the cause submitted to the Judge, he should give his decision in writing, stating the facts found and conclusions of law, separately. It is irregular to enter a judgment upon his decision without these requisites.

The following are the points and authorities relied upon by the Counsel for Appellant :

The District Court erred in giving judgment for Defendant for the following reasons, viz : Because,

*First*—The Defendant in his answer in said action does not claim, allege nor state any title in, nor the right of possession of the premises in dispute in the Defendant nor any one else; but goes behind the sale by said Sheriff and his certificate thereof, and attempts to show that the same was irregularly sold by said Sheriff, and irregularly purchased by said Plaintiff; thereby in a collateral proceeding attempts to set aside a conveyance made by said Sheriff under the provision of Chapter 75 Revised Statutes of Minnesota, pages 434–7.

*Second*—Because said Defendant in no part of his pleadings or evidence in said action claims possession of said premises nor the right of possession to the same, either in Defendant nor any other person under whom Defendant claims to hold possession thereof.

*Third*—Because the Court below erred in sustaining the demurrer or objection to Plaintiff's complaint herein.

*Fourth*—Because the pretended defence which Defendant attempts to set up in his said answer could only be taken advantage of by the Defendant by applying to a court of competent jurisdiction to set aside and vacate said sale under said foreclosure, and to set aside and annul said Sheriff's conveyance of said premises to Plaintiff. *See Greenleaf's Evidence, Vol.* 2, *sec.* 316 *and note* 1st, *and cases there cited.*

*Fifth*—Because said Defendant should not have been

allowed to go behind said sale and said Sheriff's certificate thereof, and indirectly attach Plaintiff's title. *See Chap.* 85 *R. S., Sec.* 10; *also the authorities above cited and the books everywhere on Ejectment.*

*Sixth*—Said Court erred in giving judgment for Defendant without giving his decision in writing, and in such decision stating the facts found and the conclusions of law separately. *Vide Chap.* 71, *sec.* 41, *page* 356 *R. S; See also manuscript decision in this Court, Ullman vs. Bazille, and the authorities therein referred to.*

*Seventh*—Said judgment is erroneous, irregular and contrary to law and evidence.

Statement of the points and note of the authorities on which the Defendant relies:

*First*—It does not appear from the record that the Court below erred in rendering judgment for the Defendant.

None of the proceedings of the Court below except the pleadings and judgment have been returned, and they are sufficient.

The pleadings in this action present issues of facts on which if the cause had been tried by a Jury they could have brought in a general verdict.

The judgment of the Court below is general in favor of the Defendant for his costs, and this Court is to presume, nothing appearing to the contrary, that the proceedings of the Court below were regular, and that sufficient evidence was adduced at the trial to warrant the judgment rendered. *Gonzales vs. Huntley,* 1 *California R.* 32; *Otis vs. Spencer,* 16 *N. Y. R.* 610.

A cause can be reviewed by this Court *only* upon a case made, which should contain the conclusions of fact and law found by the Court, with a proper statement of the questions presented and the exceptions taken to the ruling of the Court upon the points of law. *Hunt vs. Bloomer,* 3 *Kern* 341; *Johnson vs. Whitlock, ibid.* 344; *Otis vs. Spencer* 16 *N. Y. R.* 610.

This Court can review *only* that portion of the record which has relation to the trial of the action below.

Those parts of the record disclose no error, therefore the judgment should be affirmed. *Otis vs. Spencer* 16 *N. Y. R.* 610 ; *Hunt vs. Bloomer* 3 *Kern.* 341; *Johnson vs. Whitlock, Ibid.* 344.

It was the duty of the party taking the appeal to have taken his exceptions on the trial of the cause below, or after judgment rendered therein, and to have prepared a statement of the case in accordance with the provisions of the statute and the rules of the Court, procured the Court to sign the same, filed it with the Clerk, had it made a part of the judgment roll, and certified to this Court as a part of the record of the case. *R. Stat. p.* 358, *sec.* 55, 56 *and* 57; *Ib. p.* 359, *secs.* 60, 61, 62, 63 *and* 65 ; *Ib. p.* 360, *sec.* 66 *and sub.* 2 *of sec.* 75; *Hunt vs. Bloomer*, 3 *Kern.* 341 ; *Johnson vs. Whitlock Ib.* 344 ; *Otis vs. Spencer*, 16 *N. Y. R.* 610.

If the Court below neglected to do his duty in not making and filing a statement of the facts found on the trial of the action and the conclusions of law thereon, this Court cannot for that reason reverse the judgment, for the statute is only directory.

If the Court had refused to make or sign a statement of the case on the request of the appellant, his only remedy would have been by mandamus from this Court. *R. Stat. p.* 356, *sec.* 41 ; *Ib. p.* 423, *sec.* 4; *Sands vs. Church* ; 2 *Selden* 356.

*Second*—The Court below having ordered judgment for the Defendant, without making a statement of the facts found and the conclusions of law thereon, this Court must presume that all the issues raised by the pleadings were found by the Court below in favor of the Defendant. *Gonzales vs. Huntley*, 1 *California R.* 32 ; *Otis vs. Spencer*, 16 *N. Y. R.* 610.

BABCOCK & COTTON and A. M. & O. T. HAYES, Counsel for Appellant.

L. & S. SMITH, Counsel for Respondent.

*By the Court*—EMMETT, Ch. J. This was an appeal from the judgment of a Justice of the Peace, to the District Court of the Fifth Judicial District. A Jury trial having been waived by the parties, the issues presented were submitted to the Judge in term on the 9th day of November, 1858. On the 19th of March following, the Judge entered a judgment affirming the judgment of the Justice, but without giving his decision in writing, or stating the facts found or conclusions of law separately, as required by the statute. We have heretofore held, in the case of *Ullman vs. Bazille,* (*See* 2 *M. R., p.* 134,) which was decided at the last December Term, that it was irregular for the Judge to enter judgment upon the report of a referee, where the referee neglected to comply with these requisites of the statute, and it is equally irregular for the Judge to omit giving his decision in writing, and stating the facts found and conclusions of law, separately. The judgment is set aside and the case remanded to the District Court, with directions to the Judge to give his decision thereon in writing, stating the facts found and conclusions of law separately, and to enter judgment accordingly, within twenty days from the service of a copy of the decision herein, and in case this direction is not complied with within the time limited, a new trial is awarded.